UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY SMITH,                         )
                                      )
        Petitioner,                   )
                                      )
    v.                                )    Case No. 3:14-CV-410 PPS
                                      )
SUPERINTENDENT,                       )
                                      )
        Respondent.                   )

OPINION AND ORDER

Jeremy Smith, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging two prison disciplinary proceedings resulting from the same underlying events. (DE 1.) In the first case, a hearing officer found Smith guilty possession of a cell phone. (DE 11-3.) And in the second case, Smith was found guilty of assault/battery upon another person with a weapon or inflicting serious bodily harm (DE 11-I), although it was later reduced to a lesser assault charge.

The charges were initiated on August 3, 2013, when Correctional Officer Yudina prepared two conduct reports related to the incident. Officer Yudina's Report of Conduct relating to the possession of a cell phone states:

> On the above date and approx. time I ofc. V. Yudina was making a security round when I observed offender Smith, Jeremy 226623 talking on the cell phone in room 5. I ofc. V. Yudina gave him a direct order to give up the phone but offender Smith, J 226623 refused, he ran out of the room and fled to the rec yard.

(DE 11-A.)

Officer Yudina's Report of Conduct charging Smith with Assault [1] states:

> On the above date and time, I ofc. V. Yudina, was doing rounds on RB when I saw offender Smith, Jeremy 226623 talking on a cell phone. I walked into the room and gave him an order to give me the phone. Offender refused. Instead he balled up his fists and in [an] aggressive manner walked towards me. I was reaching for my radio to call a signal when offender Smith pushed me out of the room into the hallway, causing me to hit my head and back against the wall in the hallway. Offender Smith started to flee down the hall towards Day Room. At that time I called Signal 7 and ran after him. When offender Smith 226623 turned the corner, I was able to spray 1 sec. burst of O.C. to his facial area. But offender still kept running towards outside Rec Yard.

(DE 11-G.)

On August 9, 2013, Smith was notified of the two charges when he was served with the conduct reports and the notices of disciplinary hearing. (DE 11-B, H.) On each notice, Smith was notified of his rights. He pled not guilty but did not request a lay advocate, and did not offer any witnesses or physical evidence. (DE 11-B, H.)

A hearing officer conducted the disciplinary hearings in both cases on August 16, 2013. (DE 11-C, I.) In the cell phone case, Smith provided the following statement:

> I didn't have a cell phone. When she was walking I had my doo rag in one hand and the baggie of K2 in it. I didn't see or hear her coming. She called for back up/respond. She sprayed me. I went outside to get air. What could I have done with the cell phone. She was with me the whole time.

---

[1] Although Officer Yudina described the offense as "assault on staff with bodily injury," Class A offense 102 assault/battery, is defined as "[c]ommitting battery/assault upon another person with a weapon (including the throwing of bodily fluids or waste on another person) or inflicting serious bodily injury." (DE 11-M.)

2

(DE 11-C.) The hearing officer, relying on the conduct report and Smith's statement, found Smith guilty of possessing a cell phone. (DE 11-C.) The hearing officer imposed a 180-day deprivation of earned time credit, and a demotion from credit class 1 to credit class 2.

In the assault/battery case, Smith provided the following statement:

> I never touched her. She is making that whole thing up. We were in room 15. She couldn't have hit her head. There's no wall there. I would not touch her. I think she was mad that I ran. I would not do nothing like that.

(DE 11-I.) The hearing officer, relying on the conduct report and Smith's statement, found Smith guilty of the charge of Class A offense 102, assault/battery upon another person with a weapon or inflicting serious bodily harm. (DE 11-I.) The hearing officer imposed a 365-day deprivation of earned time credit, and a demotion from credit class 2 to credit class 3.

Smith's appeals were denied and this petition followed. (DE 11-D, E, F, J, K, L.) On August 24, 2014, after this petition was filed, the DOC determined that Smith was guilty of a lesser assault/battery offense, Class B offense 212, because there was no weapon or serious injury involved. The sanction for the amended assault/battery offense was a reduction to a 90-day loss of earned time credit, but the demotion from credit class 2 to class 3 remained unchanged. (DE 11-N.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by

3

a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Smith raises two claims in his petition: (1) there was no evidence he possessed a cell phone; and; (2) there was no evidence he assaulted Officer Yudina. Simply put, Smith argues there is insufficient evidence to find him guilty of either charge. These claims fail. The "some evidence" standard is a modest one. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Indeed, if there is *any* evidence, the standard is met. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

In this case, although Smith denies possessing a cell phone and denies assaulting Officer Yudina, the officer says it happened, and that is "some evidence." In the conduct reports, Officer Yudina reported that she saw Smith talking on a cell phone and was then assaulted by Smith. The conduct reports alone constitute some evidence that Smith both possessed a cell phone and assaulted Officer Yudina. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone provided "some evidence" to support disciplinary determination). This evidence more than satisfies the "some evidence" standard for both charges.

Not only is there sufficient evidence to find Smith guilty of the charged offenses, but there has been no showing that he was deprived of due process along the way. Based on the record, there is sufficient evidence to find Smith guilty of possession of a cell phone and assault and battery, and Smith has not made a showing that any of his due process rights have been violated.

For the reasons set forth above, the petition (DE 1) is **DENIED**.

**SO ORDERED**.

ENTERED: January 7, 2015    /s/ Philip P. Simon
Chief Judge
United States District Court